### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| RANDALL ALAN TOYE,<br><br>    Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | No. C 11-3035-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES** |

_____

## I.   INTRODUCTION

This case comes before me on plaintiff Randall Alan Toye's October 31, 2012, Application For Award Of Attorney's Fees And Other Expenses Pursuant To The Equal Access To Justice Act 28 U.S.C. § 2412 (docket no. 19).  On August 3, 2012, I reversed and remanded this case for further proceedings, after determining that the Commissioner's decision that Toye was not disabled was neither supported by substantial evidence nor based on proper legal standards (docket no. 17).  That same day, the Clerk of Court entered judgment in favor of Toye.

In his pending motion, Toye requests $5,389.04 in fees and expenses under the Equal Access to Justice Act (EAJA).  Toye includes as exhibits a declaration of the plaintiff, in which Toye assigned any fees awarded under the EAJA to his attorney; a declaration of the plaintiff's attorney, Timothy Tripp, supporting Toye's application; an itemization of hours that his attorney worked on his case; and a consumer price index to assist in calculating cost of living increases.  Toye's attorney worked 25.3 hours on this case and has adjusted his requested hourly rate from the statutory rate of $125 upward to $184.95 due to cost of living increases.  In addition, Toye requests reimbursement of

paralegal fees in the amount of $680.00, along with expenses of $29.80. Toye asks that any EAJA attorney's fees be paid directly to his attorney, pursuant to his declaration. The Commissioner has no objection to Toye's requested fees.

The Commissioner filed a Response (docket no. 20) on November 14, 2012, advising me that the parties have agreed to an award of attorney's fees, expenses, and costs, and requesting that I enter an order specifically awarding attorney's fees and expenses of $5,389.04 to be paid by the Social Security Administration to Toye in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

## II.   ANALYSIS

"[F]ees and other expenses" may be awarded to a "prevailing party" in a Social Security appeal under the Equal Access To Justice Act (EAJA), "unless the court finds that the position of the United States was *substantially justified* or that *special circumstances* make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). For purposes of this subsection, "fees and other expenses" include "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In order to obtain an award, the party must apply for the award "within thirty days of final judgment in the action" and "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). If attorney's fees are appropriate, the reasonable hourly rate for such fees is set by statute at $125, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii); *see Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990) (holding that "where . . . an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75 per hour [(the applicable statutory amount in the case)], enhanced fees should be awarded.").

Here, Toye is the clear prevailing party and timely filed his motion for attorney's fees. He alleges in his motion that the position of the Commissioner "was not substantially justified," docket no. 19 at 2, and I agree. Moreover, the Commissioner does not object to the award of fees and expenses in this case. Thus, I find that attorney's fees under the EAJA are just and appropriate. I agree that Toye's requested sum of $4,679.24 is reasonable for 25.3 hours of work by Toye's attorney, and the additional $680.00 in paralegal fees and $29.80 in expenses is also reasonable. By submitting the consumer price index, Toye has "present[ed] uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" over the statutory rate of $125, for an adjusted hourly rate of $184.95. *See Johnson*, 919 F.2d at 505.

As to who shall receive the attorney's fees, Toye or his attorney, the United States Supreme Court recently held that attorney's fees under 28 U.S.C. § 2412(d) are payable to the litigant, not directly to the litigant's attorney, and are thus subject to an offset if the litigant has outstanding debts to the United States. *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524–26 (2010). Toye, nonetheless, requests that EAJA fees be paid directly to his attorney, pursuant to his declaration and assignment of attorney's fees, in which he assigned any EAJA fees to his attorney. The Commissioner responds that, following entry of an EAJA award, he "will verify whether [Toye] owes a debt to the United States that is subject to offset," and "[i]f there is no debt owed by [Toye], the fee will be made payable to plaintiff's attorney based on the assignment." Commissioner's Response at 1 n.1 (docket no. 20).

The Eighth Circuit Court of Appeals has not had occasion to consider this issue since the Court's decision in *Ratliff*, but several district courts in this circuit have read *Ratliff* to permit courts to award fees directly to the litigant's attorney, subject to offset for the litigant's debt to the United States, where a litigant has assigned any EAJA fees

3

to her attorney. *See, e.g., Sahs v. Astrue*, 832 F. Supp. 2d 1066, 1069 (D. Neb. 2011) ("Because Sahs expressly authorized direct payment to his attorney, . . . I will order that payment be made directly to Sahs' attorney, after an offset is made for any pre-existing debt owed by Sahs to the United States"); *Johnson v. Astrue*, No. CIV 10-4052-RAL, 2011 WL 4458850, at *10 (D.S.D. 2011 Sept. 23, 2011) ("Paying the fee award, minus any offset, directly to [plaintiff's] attorney, in accordance with [plaintiff's] intent, is not inconsistent with *Ratliff*. Indeed, by honoring [plaintiff's] instructions, this Court recognizes that the fee award belongs to [plaintiff]."); *Meyer v. Astrue*, Civ. No. 09-3205 (MJD/LIB), 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011). Other courts in this circuit, however, have determined that, pursuant to *Ratliff*, a court must award fees to the litigant, not the litigant's attorney, no matter if the litigant has assigned fees to her attorney. *See, e.g.*, *Wilson v. Astrue*, No. 4:10CV01759 AGF, 2011 WL 6945163, at *1 (E.D. Mo. Dec. 30, 2011) ("The Court . . . believes that the better practice is to follow the Supreme Court's directive in *Ratliff* that under the EAJA, an award of attorney's fees be made to the 'prevailing party.'"); *Rathke v. Astrue*, No. CIV. 08-5084-JLV, 2010 WL 3353380, at *3 (D.S.D. Aug. 23, 2010) (awarding fees to plaintiff under *Ratliff*, despite fee agreement in which plaintiff assigned any EAJA fees to his attorney).

I do not interpret *Ratliff* to allow me to award fees directly to a litigant's attorney, even where the litigant has assigned EAJA fees to her attorney. While the *Ratliff* Court did acknowledge the government's practice of paying EAJA fees directly to a litigant's attorney, where the litigant owed no debts to the United States and had assigned her EAJA fees to her attorney, the Court concluded that this practice did not alter its conclusion that the EAJA directs courts to award fees to litigants, not litigant's attorneys—and thus rejected Ratliff's argument to the contrary. *See Ratliff*, 130 S. Ct. at 2529 ("[N]othing about the Government's past payment practices altered the

statutory text that governs this case . . . ."); *see also Wilson*, 2011 WL 6945163, at *1 ("The Court disagrees with the interpretation of *Ratliff* espoused by the parties. In its decision, the Supreme Court stated that the Government's history of paying EAJA awards directly to attorneys where the plaintiff did not have federal debt and where the plaintiff had assigned the right to receive the fees to the attorney did not change the Supreme Court's interpretation of the EAJA requiring that an award of attorney's fees be made directly to the 'prevailing party.'" (quoting *Ratliff*, 130 S. Ct. at 2529)). A litigant's assignment of fees to her attorney does not permit a court to circumvent *Ratliff's* conclusion that a court must award EAJA fees to the litigant, as the *Ratliff* Court made clear when discussing an attorney's contractual rights to EAJA fees: "The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney." *See Ratliff*, 130 S. Ct. at 2526; *see also id*. at 2529–30 (Sotomayor, J., concurring) ("I join the Court's opinion because I agree that the text of the Equal Access to Justice Act (EAJA) and our precedents compel the conclusion that an attorney's fee award under 28 U.S.C. § 2412(d) is payable to the prevailing litigant rather than the attorney. The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.").

Therefore, in accordance with *Ratliff*, I award $5,389.04 in EAJA fees, which is subject to offset for any debts Toye may owe to the United States and payable directly to plaintiff Toye. Nonetheless, if consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Toye's attorney, Timothy Tripp. *See, e.g.*, *Theis v. Astrue*, 828 F. Supp. 2d 1006, 1011 (E.D. Ark. 2011) (directing that EAJA "award be made payable to the plaintiff . . . and

5

mailed to [plaintiff's attorney], pursuant to the Commissioner's standard method of issuing payment").

### III.  CONCLUSION

THEREFORE, Toye's Motion For Attorney's Fees Pursuant To 28 U.S.C. § 2412 (Equal Access To Justice Act) (docket no. 19) is **granted in part and denied in part.** Toye's motion is **granted,** to the extent that Toye is awarded $5,389.04 in attorney's fees and expenses under the EAJA, which is subject to offset for any debts Toye may owe to the United States. Toye's motion is **denied,** to the extent that his EAJA fees award is payable directly to plaintiff Toye, not his attorney. Nonetheless, if consistent with the Commissioner's and the Department of Treasury's practice, the EAJA payment may be mailed to Toye's attorney, Timothy Tripp.

**IT IS SO ORDERED**.

**DATED** this 27th day of November, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA